Given & ux. v. Simpson & al.

## GIVEN & UX. *vs.* SIMPSON & AL.

The language of the *Stat.* 1821. *ch.* 50, giving to this court equity jurisdiction in "all cases of trust arising under deeds, wills, *or in the settlement of estates,*" is applicable only to express trusts, arising from the written contracts of the deceased; and not to those implied by law, or growing out of the official character or situation of the executor or administrator.

THIS was a bill in equity. The plaintiffs alleged that they were heirs at law, in right of the wife, of a portion of the estate of *Josiah Simpson,* deceased; of which *Martha Simpson,* one of the defendants, was administratrix; that the personal estate being insufficient to pay the debts, she obtained license to sell so much of the real estate as should be sufficient for that purpose; and advertised it for sale at a certain time and place; at which place, and before the hour expired, certain persons attended, who were ready to have offered a price for part of the land, sufficient to have paid all the debts due, and charges of sale;—but that the administratrix, and one *Henry Minot,* the other defendant, had previously held a sale in a back and unfrequented inclosure of the premises, where the whole estate had been collusively and nominally knocked off to *Minot,* at a low

price, for the use and benefit of the administratrix. Of this fraud and collusion, as well as of the other matters charged, the interrogating part of the bill sought a discovery.

The defendants moved that the bill might be dismissed for want of jurisdiction in the court.

*Greenleaf* and *Mitchell*, in support of the motion. The bill seeks to charge the administratrix on the ground of fraud, and *Minot* as trustee of the estate. As to the administratrix, it must be dismissed, because the equity jurisdiction of this court does not extend to any case of fraud. Its powers in chancery are imparted by the legislature by express statutes, and dealt with a sparing hand; and have always been understood to be confined to the cases particularly enumerated. *Mountfort v. Hall* 1. *Mass.* 443. *Commonwealth v. Johnson* 8. *Mass.* 87. *Dwight v. Pomroy* 17. *Mass.* 303. *Tirrel v. Merrill ib.* 117. And she cannot be regarded as in any wise a trustee of the land. She had only a naked power to sell, as an attorney. She can have no action for the land; cannot enter on a disseisor; and has not the legal estate. There is therefore no ground to charge *Minot*. As his purchase was absolute in terms, and not made of a trustee, no trust attaches itself to the land in his hands.

The words of the statute may be satisfied, by applying them to cases where the administrator or executor invests the money of the estate in stocks, in his own name, and dies; or where he dies insolvent, having the money in his hands; and the like.

Besides, here is a plain and adequate remedy at law. For the facts charged in the bill, if true, present a case of gross fraud, which would render the sale void, and which might be shown under a writ of entry.

*Orr*, for the plaintiffs. The words of the statute are broad enough to cover all cases of trusts in the settlement of estates, whether express or implied. Express trusts are provided for in the cases arising under deeds and wills. Unless implied trusts are protected by the other words, the language is senseless. And it is the duty of courts to give them this construction, to extend the remedy, the statute being most beneficially remedial in its character.

Given & ux. v. Simpson & al.

The office of executor and administrator is peculiarly a trust. So it is treated by our statute regulating proceedings in Courts of Probate; and by elementary writers. The administrator is trustee for all parties in interest; and the execution of his trust involves every act in which a creditor is concerned. *Godolph. Orph. pt.* 2, 253. *Tollers Ex.* 480. No one, therefore, who purchases of him, can hold free of the trust; because he purchases with notice. Sales of this kind are watched, in equity, with great vigilance; and upon the least connivance, are decreed to be opened, and the estate again set up. 4. *Ves.* 217. 6. *Ves.* 748. *Campbell v. Walker* 5. *Ves.* 678. Equity never permits a trustee to be beneficially interested in a sale made by himself. 5. *Ves.* 707. *Lister v. Lister* 6. *Ves.* 631. And it goes very far to sustain trusts, in favor of the next of kin. *Bennett v. Bachelder* 1. *Ves.* 63. *Nurse v. Finch ib.* 343. 4. *Ves.* 76. *Dover v. Simpson ib.* 651.

This argument having been made at *May* term 1827, and the cause continued under advisement, the opinion of the Court was now delivered by

MELLEN C. J. The question submitted for our consideration and decision, arises upon a motion on the part of the defendants, " that the bill of the plaintiffs may be dismissed ; because, as they humbly suggest, this court has not jurisdiction of the subject matter thereof; nor has any other court in this State ; the same being properly cognizable only in a court of general equity jurisdiction." It is well known that the chancery powers of this court are of a limited nature, as we had occasion to remark in a particular manner, in the case of *Getchell v. Jewett* 4. *Greenl.* 350. Until the year 1818, the only equity jurisdiction confided to the Supreme Judicial Court of Massachusetts, consisted in the authority to interpose and grant relief in cases of forfeited penalties, and of mortgages On the 10th of *February* of that year, an act was passed giving to that court further chancery powers. The language of the section conferring those powers is this :—" that the Justices of the Supreme Judicial Court shall have power and authority to hear and determine in equity all cases of

trust arising under deeds, wills, or in the settlement of estates; and all cases of contract in writing, where a party claims the specific performance of the same, and in which there may not be a plain, adequate and complete remedy at law." A proviso confines the operation of the act to cases of contract made after the passing of the act. On the 20th of *February* 1821, the foregoing provision was re-enacted by our own legislature giving similar powers to this court. Reasons, satisfactory to successive legislatures in Massachusetts, have prevented the enactment of a law, until very recently, bestowing any equity jurisdiction more extensive than we have mentioned. A peculiar degree of caution has always been manifested on this subject, in the parent Commonwealth; and so far as the public opinion is ascertainable from the language of legislation, the same or greater caution is discoverable in this State. Such being the undoubted facts, it is no more than prudence to proceed with similar caution, in forming our opinion as to the true construction of that part of the section, in virtue of which this court, as it is contended, is authorized to sustain the present bill. No doubt exists as to the meaning of the expression "all cases of trust arising under deeds" and "wills";—but neither of them is applicable to the cause before us. The jurisdiction of the court, if given in the present case, is given in the following words—" or in the settlement of estates." It is understood that this expression has never received any judicial construction in Massachusetts. It is certainly very vague and indefinite language; but we must give it a reasonable construction. In cases somewhat similar, the rule of construction, *noscitur a sociis*, is found useful, and is consequently adopted. Now it is clear that the legislature begins by speaking of trusts created by those having the ownership or legal control of the property. Such is the case of trusts created by deeds and wills; and according to the before mentioned rule, it is reasonable to suppose that they intended, by the words " or in the settlement of estates," trusts created by the same authority. It is contended, however, that all such trusts are embraced under the terms " deeds" and " wills"; and that therefore some more extended construction must be given to the expression " in the settlement of estates," or else it must be rejected as superfluous and unmeaning, having no subjects on which to operate. We need

not pause to examine the merits of this argument, any farther than merely to observe that it has no foundation in fact. There are other subjects, on which the above mentioned expression may operate extensively. It is by no means superfluous or unmeaning, though it should not be considered as extending to implied trusts, arising in the settlement of the estates of persons deceased. By the laws of Massachusetts, in force when the act of *Feb.* 10, 1818, was passed, trusts might be created or declared, and manifested and proved by a writing, signed by the party declaring, assigning or granting such trust. The law did not require that such writing should be sealed; that is, that it should be declared or created by deed; nor does it now, either in Massachusetts or this State. From this it is evident that this court now has no jurisdiction in cases of trusts arising under instruments or writings unsealed, unless it has been given to them by the expression in question, " in the settlement of estates." This vague language may be satisfied by applying it to contracts not under seal, respecting the settlement of estates, whereby trusts are created; and there is therefore no reason for extending its meaning any further; especially as a system, peculiar in itself, is by law established, for regulating and enforcing the settlement of the estates of persons deceased, by the Judges of Probate. The exercise of an original equity jurisdiction by this Court in these cases, would disturb and derange this system, unless expressly confined to those trusts which arise under the contracts in writing of the deceased; that is, to trusts expressly and directly created; not to those implied by law, or growing out of the official situation, or incidental to the official character of an executor or administrator. In the case before us, no trust has been created by the intestate, or either of the defendants, by any writing whatever. But it is said that the law considers every executor and administrator as a trustee for those concerned in the property committed to their care; and denominates the administration a trust. But the same law has prescribed rules for the government of such executor or administrator, and provided numerous guards to insure his accountability. We do not think that the term trusts, in the statute under examination, is to be understood in this indefinite and popular manner. Such a construction would lead to novel and dangerous consequences.

Every debtor is, in one sense, the trustee of his creditor, and is often so considered in a trustee process. So is every man having in his possession the personal effects of another. But to apply the statute to such cases, and extend our chancery jurisdiction so as to embrace them, we apprehend would be to assume the exercise of an authority never delegated to us, nor intended to be delegated. Upon a subject where the legislature has always proceeded with so much caution, we do not deem it safe to advance beyond those boundaries which appear the plainest and best defined.

For the reasons before mentioned in this opinion, we do not feel authorized nor inclined to extend our equity jurisdiction by construction. It is enough for us to take cognizance of those cases which are clearly embraced by the language which the legislature has used in the delegation of our equity powers. More especially should we be on our guard against exercising this jurisdiction in cases where the common law remedies, already provided, are sufficient for the purposes of justice to all who are proved to be sufferers. Now, in the present case, if the facts stated in the bill are true, there is a complete remedy at law. The case, as disclosed in the bill, is one of gross fraud; and in a trial at law, on proof of those facts, the sale would be pronounced fraudulent and void. Nothing can be more plain and certain. Why then should the court sustain this proceeding, and why should this course of proceeding have been adopted? We apprehend that an inspection of the interrogating part of the bill will furnish the answer. From this it is natural to conclude that the plaintiffs are not in possession of proof whereby they can verify the facts stated in the bill, and therefore have resorted to this court as a court of equity, so as, by the interrogating part of the bill, to obtain an answer disclosing the facts on which the bill can be sustained. This course would be perfectly correct in a court of general equity jurisdiction, or in a case where equity jurisdiction is distinctly given to this court. This is not denied. The question then is this. Has this court, limited as its equity jurisdiction is, a power, in such a case, to sustain a bill for discovery? Can we compel an answer to interrogatories, thereby to furnish evidence to support a bill in equity, which

cannot be supported without such evidence be so obtained? We are not aware that any such power has been given to us. Our jurisdiction does not extend to fraud generally, as the jurisdiction of the Court of Chancery, and the Federal Courts does; unless that fraud is practised in respect to trusts, as to which jurisdiction is given us. The bill before us discloses no trust created by deed, will, or any other writing; but only a series of facts on the part of the administratrix, in connexion with the other defendant, which are charged as fraudulent, and intended to injure and destroy the rights of the plaintiffs. Our equity powers do not extend to such a case, and it remains for the legislature, in their wisdom, to decide whether it is proper that they ever should extend so far.

For the reasons above assigned, it is the opinion of the court that the bill before us is not sustainable; of course the motion of the defendants prevails, and the bill is dismissed.